DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JEFFE BESSEY, d/b/a Macale Builders, Inc.,

Appellant,

v.

DEPARTMENT OF BUSINESS & PROFESSIONAL
REGULATION, CONSTRUCTION INDUSTRY LICENSING
BOARD, and TIMOTHY and CANDICE GERBER, claimants,

Appellees.

No. 2D2023-1273

_____

November 6, 2024

Appeal from the Department of Business & Professional Regulation,
Construction Industry Licensing Board.

Christopher A. Tancredo of The Tancredo Law Firm, P.A., Plant City, for
Appellant.

Ashley Moody, Attorney General, Tallahassee, and Marlene K. Stern,
Assistant Attorney General, Tampa, for Appellee Department of Business
& Professional Regulation, Construction Industry Licensing Board.

No appearance for remaining Appellees.

NORTHCUTT, Judge.

Jeffe Bessey, a licensed contractor, appeals a final order of the

Department of Business & Professional Regulation, Construction

Industry Licensing Board, awarding Timothy and Candice Gerber

$50,000 from the Florida Homeowners' Construction Recovery Fund. As the Board's order noted, payment of the award caused the automatic suspension of Bessey's license. He is ineligible for reinstatement until he reimburses the Fund for the payment, plus interest. § 489.143(9), Fla. Stat. (2022).

The Board concedes that it erred by failing to consider *DeMaria v. Construction Industry Licensing Board*, 386 So. 3d 208 (Fla. 1st DCA 2023). That decision details the requirements for recovering from the Fund. The Gerbers failed to satisfy those requirements. We therefore set aside the order, and we direct the Board to dismiss the Gerbers' claim and reinstate Bessey's license.

In 2017, the Gerbers contracted with Bessey and Macale Builders, Inc., to build a single-family home. Before completing the project, Bessey notified the Gerbers that he would be unable to finish it. Bessey then filed for bankruptcy protection, both personally and on behalf of his business. The Gerbers hired a substitute contractor who completed the construction of their home.

In January 2019 the bankruptcy court granted the Gerbers' motion to lift the automatic stay. The order specifically provided that the stay was lifted to allow the Gerbers to "file and complete an action in State Court through entry of a final judgment, but without execution on the Judgment, for the sole purpose of ensuring [their] eligibility to apply for proceeds from the Florida Homeowner's Construction Recovery Fund." However, the Gerbers took no further action to obtain a final judgment. That failure is fatal to their claim for payment from the Fund.

The Homeowners' Construction Recovery Fund was established to compensate aggrieved Florida homeowners who are wronged by specified misconduct by licensed residential construction contractors, including

abandonment of construction projects. § 489.1401(2). But, as *DeMaria* observed, the Fund is meant to be a last resort. *See DeMaria,* 386 So. 3d at 211. "The Legislature makes perfectly clear that a key criterion for recovery from the fund is that the amount of the claimant's damages has already been reduced to a civil judgment, arbitration award, or restitution order." *Id.* (citing § 489.141(1)(a), (d)).

Section 489.141(1)(a)2 contains an exception for cases involving bankruptcy proceedings, but that exception does not apply in this case. When a claimant is prevented from removing assets from the bankruptcy proceeding and "the claimant is precluded by action of the bankruptcy court from securing a final judgment against the licensee," the claimant is eligible to seek recovery from the Fund. *Id.* In such a case, the Board is authorized to "adjudicate whether the claimant has shown both that he sought removal of the claim from bankruptcy *and* that he put the effort in to get a final judgment from a court, even if there were no assets to cover the judgment." *DeMaria,* 386 So. 3d at 212. Here, the Gerbers were not precluded from removing the claim from bankruptcy or obtaining a final judgment. To the contrary, the record reflects the opposite.

Notwithstanding the bankruptcy court's express permission to do so, the Gerbers failed to reduce their claim to a final judgment. Therefore, they are ineligible to receive payment from the Fund. The Board's order granting them a recovery was contrary to law.

Accordingly, the order under review is reversed in its entirety. The Board shall dismiss the Gerbers' claim and reinstate Bessey's contractor's license.

Reversed with directions.

3

BLACK and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.